The People of Puerto Rico, Plaintiff and Appellee, *v.* Alberto Vidal, Defendant and Appellant.

No. 5979. Argued March 6, 1936.—Decided March 31, 1936.

744

Leopoldo Tormes García for appellant. R. A. Gómez, Prosecuting Attorney, for appellee.

Mr. Justice Wolf delivered the opinion of the court.

The appellant herein was charged with the violation of sections 291 and 292 of the Penal Code. More specifically, he was accused of having prepared and established a lottery called "Gran Concurso Miss Borinquen," which is a device for the distribution of money by chance among the buyers of certain numbered tickets who were subject to reward if their numbers corresponded to those drawn at the Santo Domingo lottery. The complaint also set up that he carried out such device by the public sale of said tickets through certain agents and salesmen. In the District Court of Ponce, on demurrer, the complaint was held to be sufficient. When the demurrer was overruled, defendant pleaded guilty to the facts as alleged in the complaint.

Two errors are assigned, the first of which only is important, namely, that the complaint was insufficient inasmuch as it only alleged that the sale of the tickets was performed through certain agents or salesmen. The contention is that the naming of at least one of the agents or salesmen was necessary, and the case of *People* v. *Rodríguez,* 43 P.R.R. 11, and sections 22 and 23 of the Code of Criminal Procedure are cited.

The *Rodríguez* case, *supra,* merely held that a certain complaint accusing one of having a slot machine, and incidentally naming one of the persons who had taken a chance thereat, in the course of a full description of the circumstances, was a sufficient one. It does not decide the question here involved or implied that the absence of an agent's name would have rendered the complaint insufficient.

Sections 291 and 292 of the Penal Code read:

"Section 291.—A lottery is any scheme for the disposal or distribution of money or property by chance, among persons who have paid or promised to pay any valuable consideration for the chance of obtaining such property or a portion of it, or for any share or interest in such money or property, upon any agreement, understanding, or expectation that it is to be distributed or disposed of by lot or chance, whether called a lottery, raffle, or gift énterprise, or by whatever name the same may be known.

"Section 292.—Every person who contrives, prepares, sets up, proposes, or draws any lottery, is guilty of misdemeanor."

As the complaint substantially followed the statute, it is good, as is made clear by our opinion, especially on reconsideration, in *People* v. *Pagán, ante,* p. 423. There is nothing in sections 22 and 23 of the Code of Criminal Procedure that requires greater particularity than was contained in the complaint before us.

The judgment should be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.

*Leopoldo Tormes García* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.